J-S39024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| COREY WILLIAMS | |
| Appellant | No. 2807 EDA 2018 |

Appeal from the PCRA Order September 5, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0353912-1992

BEFORE:  GANTMAN, P.J.E., STABILE, J. and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 19, 2019**

Appellant, Corey Williams, appeals *pro se* from the September 5, 2018 order of the Court of Common Pleas of Philadelphia County, which denied his request for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The factual and procedural background of the instant appeal is not at issue here.  Briefly, on December 7, 1993, following a jury trial, the trial court sentenced Appellant to an aggregate term of life imprisonment for the murder of Sung Kim during a robbery.  We affirmed the judgment of sentence on December 2, 1994. *See Commonwealth v. Williams*, No. 3921 Philadelphia 1993, unpublished memorandum (Pa Super. filed December 2, 1994).

---

* Former Justice specially assigned to the Superior Court.

Appellant did not seek further review with the Pennsylvania Supreme Court. *See Commonwealth v. Williams*, No. 1371 EDA 2015, unpublished memorandum (Pa. Super. filed March 23, 2016).

Appellant *pro se* filed the underlying PCRA petition, his fourth, on February 21, 2017.[1] In the petition, Appellant challenged the sufficiency and the weight of the evidence supporting his conviction, based on newly discovered evidence. PCRA Petition, 2/21/17, at 10. The PCRA court dismissed it as untimely on September 5, 2018. This appeal followed.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[2]

"The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the

_____

[1] For the procedural history preceding the instant appeal, *see Williams*, No. 1371 EDA 2015.

[2] Section 9545(b)(2) was recently amended to enlarge the deadline from sixty days to one year. However, the amendment applies only to claims arising on or after December 24, 2017.

legal authority to address the substantive claims." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. ***See Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008) (consideration of ***Brady***[3] claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. ***See Commonwealth v. Holmes***, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999)).

For purposes of the PCRA, Appellant's judgment became final on January 1, 1995. ***See Commonwealth v. Williams***, No. 1462 EDA 2001, unpublished memorandum (Pa. Super. October 10, 2002). Appellant, therefore, had one year from that date to file a timely petition. The instant petition, which was filed on February 21, 2017, is untimely by approximately twenty-one years.

---

[3] ***Brady v. Maryland***, 373 U.S. 83 (1963).

To overcome the facial untimeliness of the instant petition, Appellant relies on two exceptions, the newly-discovered facts exception (section 9545(b)(1)(ii)),[4] and the governmental interference exception (section 9545(b)(1)(i)).[5] Specifically, Appellant argues that the following facts meet the requirements of the "newly-discovered facts" exception: (1) a witness was coerced to identify him at trial as the perpetrator and (2) the medical examiner who performed the autopsy of the victim was not licensed to practice medicine when he performed the autopsy.[6]

Appellant also argues that the above "new facts" also qualify as evidence of a ***Brady*** violation, which is sufficient, in Appellant's view, to meet the requirements of the "governmental interference" exception. ***Id.*** at 19.

---

[4] The newly-discovered fact exception requires a petitioner to plead and prove two components: 1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. ***See Commonwealth v. Burton***, 158 A.3d 618, 638 (Pa. 2017).

[5] The governmental interference exception requires a petitioner to plead and prove that (i) the failure to previously raise the claim was the result of interference by governmental officials, and (ii) the information could not have been obtained earlier in the exercise of due diligence. ***See Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008).

[6] In his appellate brief, Appellant added a third issue (medical examiner, who was not qualified as an expert in forensic ballistics, "testified falsely that he was able to identify the fatal projectile as a 'wadcutter'"). Appellant's Brief at 11. The third issue, which was not raise below, ***see*** PCRA Petition, 2/21/17, at 15, is waived. ***See*** Pa.R.A.P. 302(a).

Regarding the alleged coercion, the PCRA court found, and we agree, that Appellant failed to demonstrate that he could not have ascertained the alleged coercion in a timely fashion with the exercise of due diligence. *See* PCRA Court Opinion, 12/6/18, at 4. The PCRA Court explained:

> To explain his twenty-five-year period of inactivity, [Appellant] first speculated that [witness] harbored ill will toward him and would not have cooperated earlier. [Appellant] also claimed that contacting [witness] would have exposed him to criminal liability. Despite professing these concerns, [Appellant] did not articulate when they were sufficiently ameliorated to allow communication with [witness]. Instead, [Appellant] claimed that he decided to take action once his prior PCRA proceeding was concluded (2016) and he discovered "widespread police corruption," events seemingly unrelated to [Appellant]'s stated justifications for inaction. Thus, [Appellant] failed to demonstrate that waiting more than two decades to contact [witness] constituted a reasonable tactic to protect his own interests. Accordingly, [Appellant] did not satisfy the due diligence prong of subsection 9545(b)(1)(ii).

*Id.* at 4-5 (citations to the record omitted) (footnote omitted).

Regarding the claim concerning the coroner, the PCRA court found the following.

> [I]n support of his claim, [Appellant] appended numerous news articles, most from the early '90s, alleging that [coroner] failed to properly renew his medical license and incurred a fine for his delayed renewal in 1993. Although newspaper articles can alert a party to the possible existence of evidence, the party must do more than attach the article as establishing evidence that will meet the test for newly-discovered facts. *See Commonwealth v. Castro*, 93 A.3d 818, 827 (Pa. 2014). [Appellant] therefore failed to substantiate the alleged facts pertaining to [coroner's] credibility as a witness.
>
> Furthermore, [Appellant] failed to demonstrate that he raised claims relating to [coroner] within sixty days of the date they

could have been presented. Specifically, [Appellant] did not articulate when he discovered the information contained in the news articles. To the contrary, [Appellant] vaguely claimed that his extensive search "eventually" resulted in the discovery of the articles. Although the articles bear a print-date signature, [Appellant] did not even allege that the print notation reflected the date he actually discovered the information contained therein. [Appellant]'s silence regarding the date of discovery was insufficient for purposes of subsection 9545(b)(2).

*Id.* at 4 (citations and quotations omitted).

To the extent Appellant argues that the above facts satisfy the governmental interference exception, we conclude that, as the PCRA did, that Appellant failed to meet the exception. "Preliminary, [Appellant] failed to clearly specify which documents were suppressed by the Commonwealth." *Id.* at 5. "Furthermore, [Appellant] failed to demonstrate that he presented this claim within 60 days of the date it could have presented. Specifically, [Appellant] did not detail when he discovered the facts underlying a possible *Brady* claim. This omission was fatal to [Appellant]'s attempt to satisfy the PCRA's sixty-day mandate." *Id.* We agree with the PCRA court's analysis and conclusions. Accordingly, we affirm the order of the PCRA court dismissing the instant PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/19